No. 86-359

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
JAMES BERNARD PREVOST,

       Petitioner and Respondent,

   and

DENA KAY PREVOST,

       Respondent and Appellant.

_____

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        T. R. Halvorson, Sidney, Montana

    For Respondent:

        Phillip N. Carter, Sidney, Montana

_____

Submitted on Briefs: Oct. 20, 1986

Decided: January 13, 1987

Filed: JAN 13 1987

_Ethel M. Harrison_

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from an order of the District Court, Seventh Judicial District, Richland County, modifying visitation between two parents and their children. The mother appeals the order. We affirm.

The issues raised are as follows:

1. Does the absence of a verbatim record necessitate reversal and remand?

2. Does the absence of findings of fact showing how the order is in the best interests of the children necessitate reversal and remand?

3. Is weekend visitation between the father and daughter without weekend visitation between the mother and son in the best interests of the children?

4. Is summer visitation between the father and daughter in 1986 without the possibility of summer visitation between the mother and son in the same year in the best interests of the children?

The parties were divorced in 1985. They had two daughters and a son. The mother was granted custody of the two daughters and the father was granted custody of the son. Each was granted "reasonable" visitation with the child or children not in their custody. In June, 1986, the father filed a motion to modify visitation privileges. The court held a hearing and heard testimony from the mother and the father on visitation. No transcript of this hearing was made. The court issued an order granting the father visitation with one daughter as follows:

> a. Two weekends per month, beginning at 7:00 o'clock P.M. on Friday and ending at 7:00 o'clock P.M. on Sunday night. This particular visitation shall be modified if the petitioner is not at the

- 2 -

home of the respondent by 9:00 o'clock P.M. on the Friday night. If he is not, his visitation will not start until 9:00 o'clock on Saturday morning.

b. On alternating holidays, which, for this purpose, shall be defined as New Year's Day, Easter Sunday, Memorial Day, July 4th, Labor Day, Thanksgiving Day, and Christmas Eve/Christmas Day.

c. For six continuous weeks in the summer. This period of time shall be the six weeks at the end of the summer and just prior to the child beginning school.

He was granted visitation with the other daughter at all times and places that she desires. The mother was granted visitation with her son as follows:

a. Six weeks in the summer. This period shall be during the beginning of the summer vacation period, just after school has let out.

b. Alternating holidays, which are defined as the same as those above.

The order modifying visitation was signed by the judge, then there was a notation "APPROVED as to content and form:" and the order was signed by the attorney for petitioner and the attorney for respondent.

The issue on appeal is actually whether the order in question was truly an order which may be appealed or whether it is a stipulation by both parties that was adopted by the court. Since both parties, through their attorneys signed the order, we hold that the document was a stipulation which was adopted by the court. "It is improper to raise an issue upon appeal as to a question of law or fact after the parties have entered into a stipulation as to that law or fact." Penn v. Burlington Northern, Inc. (1980), 185 Mont. 223, 228, 605 P.2d 600, 604. We hold the first three issues on appeal have not been properly raised because appellant agreed to the term of the modified visitation order. We hold the last

issue is moot because the visitation for the summer of 1986 has already occurred.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices